UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MORRIS J. PERRY, SR., | ) | CASE NO. 4:05 CV 2180 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN T.R. SNIEZEK, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On September 15, 2005, pro se petitioner Morris J. Perry, Sr. filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against respondent T.R. Sniezek, Warden at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"). Petitioner asserts that neither Morris Perry, Jr. nor Morris Perry, Sr. was ever arraigned on the offenses for which Morris Perry, Jr. or Morris Perry, Sr. was convicted and, thus, never entered a plea with regard to the charges in the indictment issued against Morris Perry, Jr.[1]

*Background*

Mr. Perry was indicted by a grand jury in the United States District Court for the

---

[1] In every action filed in this court on behalf of Morris Perry, Jr. or Morris Perry, Sr. the inmate number has consistently been the same: "35623-060."

Northern District of Ohio on February 15, 1995.  The six count indictment charged him with violating 21 U.S.C. § 841(a)(1), (b)(1)(B), 18 U.S.C. § 924(a), (c)(1) and 18 U.S.C. 922(g)(1). United States v. Perry, No. 4:95cr0067, (N.D. Ohio filed Feb. 15, 1995).  A plea of not guilty was entered by Mr. Perry to all counts of the indictment during his arraignment before Magistrate Judge James S. Gallas on February 22, 1995.

A Motion to Dismiss Defendant from Indictment for selective prosecution and a Motion to Dismiss Indictment for lack of jurisdiction were filed by Mr. Perry's attorney on September 14, 1995.  The court held a hearing on January 31, 1996 regarding these motions, as well as other pending motions filed on behalf of Mr. Perry.[2]  An Order was issued by the court on July 19, 1996 denying the motion to dismiss Mr. Perry from the indictment.  The United States subsequently moved to dismiss Count 2 of the indictment, which the court granted by marginal entry on November 12, 1996.

Jury selection for Mr. Perry's trial commenced on December 3, 1996.  The jury returned a verdict on December 9, 1996 finding him guilty on Counts 1, 4, 5 and 6.[3]  Petitioner filed a nunc pro tunc motion for extension of time to file a motion for a new trial.  The court denied the motion on February 19, 1997.  Three months later, Mr. Perry filed a motion challenging the district court's jurisdiction.  On the same date the motion was filed, May 6, 1997, Judge Kathleen O'Malley denied it by marginal entry.

A sentencing hearing was held before Judge O'Malley on May 6, 1997. Mr. Perry was committed to the Bureau of Prisons (BOP) for 140 months on Counts 1, 4 and 6 and 60

---

[2] He signed a Speedy Trial waiver on March 27, 1996.

[3] Count 3 of the indictment was dismissed during trial.

2

months on Count 5 to run consecutively to his sentence on Counts 1, 4, and 6. The court imposed a four year term of supervised release. Judge O'Malley granted Mr. Perry's oral motion to proceed pro se on appeal, despite her offer to appoint counsel. He filed a Notice of Appeal on May 9, 1997.[4]

Before the court of appeals reached its decision, Mr. Perry filed a motion for a new trial on February 6, 1998. The district court's judgment was subsequently affirmed by the Sixth Circuit Court of Appeals on January 15, 1999. Judge O'Malley denied Mr. Perry's motion for a new trial on January 19, 1999, and he appealed that order on February 1, 1999. He also filed a petition for writ of mandamus on March 5, 1999.

The Supreme Court issued a notice on August 25, 1999 advising that Mr. Perry filed a petition for writ of certiorari. The Court denied the petition on October 26, 1999.

Mr. Perry filed his first motion to vacate sentence pursuant to 28 U.S.C. § 2255 on January 7, 2000. Six days later, the Sixth Circuit affirmed the district court's judgment regarding petitioner's February 1, 1999 appeal. On April 28, 2000, Judge O'Malley issued a Memorandum of Opinion denying petitioner's motion to vacate sentence. On May 12, 2000, Mr. Perry appealed Judge O'Malley's denial of his motion to vacate.[5]

A third petition for writ of mandamus was filed with the Sixth Circuit by Mr. Perry on June 5, 2000. In the interim, the Sixth Circuit denied his certificate of appealability on

---

[4]On September 2, 1997, the court appointed Attorney Shawn P. Martin to represent Mr. Perry during his appeal.

[5]Mr. Perry filed another petition for writ of mandamus on April 17, 2000. The Court of Appeals dismissed the petition on May 15, 2000.

August 25, 2000. One month later, the appeals court denied the petition for writ of mandamus. The Supreme Court issued another notice advising that Mr. Perry filed a petition for writ of certiorari on December 26, 2000. The Court denied the petition on March 5, 2001.

Mr. Perry subsequently filed another motion for new trial on October 25, 2001 and two additional notices of appeal on November 8, 2001 and December 14, 2001. The motion for a new trial and both appeals were denied.

*Analysis*

In his petition before this court, Mr. Perry states that he is being held against his will in violation of his rights under the Constitution. He asserts that there has never been any state or federal indictment issued which charges "Morris Perry, Sr." with violating any crimes. Further, he claims that "never in open court has Morris Perry, Jr. or Morris Perry, Sr. had the charges explained by any federal magistrate or judge, or been requested to plead to the charges or any indictment." (Pet. at 4.) Without addressing the merits of Mr. Perry's claims, this petition is dismissed for lack of subject matter jurisdiction.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States

v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi, 135 F.3d at 1123.

Mr. Perry previously filed two § 2255 motions.[6] See Perry v. United States, No. 4:00cv0064 (N.D. Ohio filed Jan. 7, 2000); Perry v. United States, No. 4:00cv2530 (N.D. Ohio filed Oct. 4, 2000). However, he does not allege that his remedy is inadequate or ineffective to test the legality of his sentence. As a matter of law, a prisoner's remedy under § 2255 is not considered inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). Furthermore, unlike other prisoners who have obtained review of their viable actual innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Perry has had innumerable

---

[6] He also filed three other § 2241 motions under the § 2255 savings clause, which were dismissed for lack of jurisdiction. Perry v. Morrison, No. 1:05cv2308 (N.D. Ohio filed Sep. 29, 2005); Perry v. Morrison, No. 1:02cv2413 (N.D. Ohio filed Dec. 10, 2002); Perry v. LaManna, No. 4:01cv0555 (N.D. Ohio filed Mar. 8, 2001).

5

opportunities to raise his claim in a § 2255 motion to vacate and did so.[7] Consequently, there is no basis in law for this court's subject matter jurisdiction over petitioner's claim pursuant to § 2241.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies that an appeal from this decision could not be taken in good faith.[8]

IT IS SO ORDERED.

                                                S/Peter C. Economus - 11/21/05
                                                PETER C. ECONOMUS
                                                UNITED STATES DISTRICT JUDGE

---

[7] Courts have added that the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

[8] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."